UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT DAVIS<br>29547 North Village<br>Glenwillow, OH 44139 | ) CASE NO.<br>)<br>) JUDGE |
| Plaintiff, | ) MAGISTRATE JUDGE |
| vs. | ) **PLAINTIFF'S COMPLAINT** |
| SWIRL WINE BAR, LLC<br>c/o Statutory Agent Dennis Kaselak<br>401 South Street, Ste 1A<br>Chardon, OH 44024 | ) (Jury Demand Endorsed Herein) |
| and | |
| RICHARD ALAIMO<br>c/o Swirl Wine Bar<br>33375 Bainbridge Road<br>Solon, OH 44139 | |
| and | |
| TOM STEINBAUER<br>c/o Swirl Wine Bar<br>33375 Bainbridge Road<br>Solon, OH 44139 | |
| And | |
| FRANK BONSIGNORE<br>c/o Swirl Wine Bar<br>33375 Bainbridge Road<br>Solon, OH 44139 | |
| Defendants. | |

Now comes Plaintiff, Robert Davis, by and through counsel, and for his Complaint against Swirl Wine Bar LLC, Richard Alaimo, Tom Steinbauer, Frank Bonsignor (collectively "Swirl"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendants maintained its principal place of business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendant were an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant were an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

12. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

13. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

14. Defendants are in the restaurant business and provide food and alcohol to customers.

15. Plaintiff Robert Davis was employed by Defendant as a Kitchen Manager between June 2015 and February 2, 2016.

16. Plaintiff regularly worked over 40 hours per week in his position has kitchen manager.

17. Defendants paid Plaintiff and hourly rate and would pay one and one half times Plaintiff's regular rate of pay for hours worked over 40 each work week that were captured in Defendants' time keeping system.

18. Defendants failed to pay Plaintiff overtime compensation for all hours worked over 40 each work week.

19. Plaintiff would regularly come in prior to the start of his scheduled shift to assist the cook and prepare dishes.

20. Plaintiff would go to Swirl on his day off and help prepare food for the following week.

21. Plaintiff would clock out at the end of his shift and would stay at the Swirl, either at the bar or a table. Often times Swirl would be extremely busy and Plaintiff would go in the back and assist the kitchen employees without clocking back in.

22. Many times, the managers on duty would speak to Plaintiff and tell him that the kitchen was "slammed" and insinuate that Plaintiff should go help out, which he did on many occasions, without clocking back in.

23. Plaintiff estimates that he would work between five (5) and six (6) hours each week off the clock.

24. Defendants had knowledge that Plaintiff would work off the clock before and after his scheduled shift and had knowledge that Plaintiff worked more than 40 hours per week.

25. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for all overtime hours he worked.

**(Defendant Willfully Violated the FLSA)**

26. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Overtime Violations)**

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Defendants' practice and policy of failing to pay Plaintiff overtime compensation at the rate of one and one-half his regular rate of pay for all hours he worked over 40 in a work week violated the FLSA, 29 U.S.C. §§ 201-219.

29. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

## COUNT TWO
## (OMFWSA Overtime Violations)

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

32. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E.        Award Plaintiff further and additional relief as this Court deems just and proper.

                Respectfully submitted,

                /s/ Lori M. Griffin
                Lori M. Griffin (0085241)
                Chastity L. Christy (0076977)
                Anthony J. Lazzaro (0077962)
                The Lazzaro Law Firm, LLC
                920 Rockefeller Building
                614 W. Superior Avenue
                Cleveland, Ohio 44113
                Phone: 216-696-5000
                Facsimile: 216-696-7005
                lori@lazzarolawfirm.com
                chastity@lazzarolawfirm.com
                anthony@lazzarolawfirm.com
                Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

                /s/ Lori M. Griffin
                One of the Attorneys for Plaintiff